UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DILANJAN JACKSON and
GRACIE JACKSON,

                              Plaintiffs,

v.                                                Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,           **JURY TRIAL DEMANDED**

                              Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and/or 28 U.S.C. § 1337.

3. That Plaintiff's cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to her federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

### III. PARTIES

4. Plaintiff Dilanjan Jackson is a natural person residing in the County of Monroe and State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Gracie Jackson is a natural person residing in the County of Monroe and State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3). Plaintiff Gracie Jackson is the mother of Dilanjan Jackson.

6. That Dilanjin Jackson has not lived with Gracie Jackson for more than two years.

7. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. That for all times relevant herein, Plaintiffs were "person(s)" as defined by 47 U.S.C.§153(32).

9. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

10. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

11. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

12. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

13. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

16. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

17. That Plaintiff Dilanjan Jackson incurred a credit card debt to World Financial National Network Bank/Limited (hereinafter "WFNNB/Limited"). Said obligation will be referred to as "the subject debt" in this complaint.

18. Upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

19. Upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C.§1692a(5).

20. That upon information and belief, WFNNB/Limited employed Defendant to attempt to collect the subject debt.

21. That at some point on or after June 1, 2007 and continuing through May of 2008, Defendant NCO made multiple telephone calls per day to Plaintiff Gracie Jackson's residential telephone line. Plaintiff Gracie Jackson is not sure when the calls began, but is certain they have been ongoing for numerous months.

22. That during virtually every telephone call described in Paragraph #21 herein, Defendant NCO has left an artificial and/or prerecorded voice message on Gracie Jackson's telephone answering machine stating that they were a debt collector attempting to collect a debt from Dilanjin Jackson.

23. That Plaintiff Gracie Jackson has no legal obligation whatsoever to pay the subject debt.

24. That in or about November of 2007, Plaintiff Gracie Jackson contacted Defendant NCO by telephone, advised them that Dilanjin Jackson did not live with her, and instructed them to refrain from calling her home telephone in the future. The NCO representative then told Gracie Jackson that they would continue calling her.

25. That on or about March 23, 2008 (Easter Sunday), Defendant called and spoke to Gracie Jackson by telephone. During their telephone conversation, Gracie Jackson requested that Defendant NCO make no further telephone calls to her residence.

26. That despite Plaintiff Gracie Jackson's repeated instructions, Defendant NCO continued to deliberately send said artificial and/or prerecorded voice messages to her residential telephone line in an attempt to collect on the subject debt owed by Plaintiff Dilanjan Jackson.

27. That as a result of the foregoing, Plaintiffs became nervous, upset, and suffered from emotional distress.

### V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

28. Plaintiffs repeat and re-allege and incorporate by reference paragraphs 1 through 27 above.

29. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. That Defendant NCO violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(3) and 15 U.S.C. 1692c(b) by failing to limit their communications with Plaintiff Gracie Jackie to obtaining location information for Plaintiff Dilanjan Jackson by repeatedly disclosing that Defendant was attempting to collect a debt from Plaintiff Dilanjan Jackson, as described in this Complaint.

    B. That Defendant NCO violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff Gracie Jackson's home telephone to ring with the intent to annoy, abuse and harass each of the Plaintiffs.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

24. Plaintiffs repeat, re-allege and incorporate by reference the preceding and succeeding paragraphs in this Complaint as if each of them were reprinted herein below.

25. The Defendant NCO at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff Gracie Jackson's home telephone service using an artificial and/or prerecorded voice to deliver messages for Plaintiff Dilanjan Jackson without having the consent of Plaintiff Gracie Jackson to leave such messages.

26. The acts and/or omissions of Defendant NCO at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiff Dilanjan Jackson to pay the subject debt and to harass both he and his mother.

27. The acts and/or omissions of the Defendant NCO at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

29. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiffs to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiffs, and disturbed Plaintiff Gracie Jackson's peace and tranquility at home.

30. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant NCO at all times material and relevant hereto, as described in this Complaint, caused each of the Plaintiffs to sustain damages and experience emotional distress.

31. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

32. Plaintiff Gracie Jackson received approximately five hundred (500) telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling her to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

33. That Defendant NCO caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff Gracie Jackson to a maximum of treble damages pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant NCO for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k and 47 U.S.C. §223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §223b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: May 31, 2008

/s/ Kenneth R. Hiller
BY: Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiffs each affirm that the following statements are true and correct under penalties of perjury:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: May 31, 2008

/s/ Dilanjan Jackson
Dilanjan Jackson


/s/ Gracie Jackson
Gracie Jackson